UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT FERRANTINO,<br><br>        Plaintiff,<br><br>   -against-<br><br>U.S.D.C. BRIDGEPORT; ENFIELD TRUST FUND,<br><br>        Defendants. | 20-CV-4525 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated in Garner Correctional Institution in Newton, Connecticut, brings this *pro se* action concerning a dispute about monies submitted to the United States District Court for the District of Connecticut. For the following reasons, the Court transfers this action to the District of Connecticut.

  Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

  Plaintiff brings this action seeking the return of $1580.00 that Enfield Trust Fund submitted to the District of Connecticut. Because he does not allege that any defendant resides in this District or that a substantial part of the events or omissions giving rise to his claim arose in this District, venue does not appear to be proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Bridgeport, Connecticut, which is in the District of Connecticut. *See* 28 U.S.C.

§ 86. Accordingly, venue lies in the District of Connecticut, § 1391(b)(2), and this action is transferred to the United States District Court for the District of Connecticut, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 15, 2020
         New York, New York

*[signature]*

COLLEEN McMAHON
Chief United States District Judge